William R. MOSS et al., Plaintiffs–
Appellants,

v.

COLUMBUS BOARD OF EDUCATION
et al., Defendants–Appellees.

No. 02–4064.

United States Court of Appeals,
Sixth Circuit.

April 8, 2004.

Before: KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

## OPINION

GILMAN, Circuit Judge.

William R. Moss, a member of the Columbus Board of Education, and 25 other individuals brought a civil rights action on behalf of a purported class of plaintiffs, alleging that the Columbus, Ohio municipal school district maintains racially segregated schools. Moss named numerous defendants and asserted claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, Title VI of the Civil Rights Act of 1964, Article VI, § 2 of the Ohio Constitution, and the Thirteenth and Fourteenth Amendments to the United States Constitution. The district court dismissed the bulk of the claims at the outset, but granted leave to amend the complaint regarding the remainder. Ultimately, the district court found that the amended complaint did not cure any of the defects in the original complaint and dismissed the case in its entirety. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Moss alleges that the New Albany Company approached the City of Columbus in 1988 "seeking to have [a] large parcel of land owned or controlled by the company annexed to the city for services, including water and sewer, but not to the Columbus City School District, pursuant to provisions of the so-called 'Win/Win Agree-

ment.'" (District court opinion filed on September 27, 2001, p. 4) According to Moss, his "chief concern deals with the Defendant, Columbus Public School Board's failure to provide black residents and their children with a thorough and efficient system of education within the City of Columbus." Moss alleges that the "Columbus Board of Education in concert with government entities, development corporations, and individuals, has created, maintained, and promoted a system of education within Franklin County, Ohio that is racially discriminatory, hostile, and oppressive to black school children."

On September 27, 2001, the district court dismissed the original complaint for failure to state a claim upon which relief can be granted with respect to the defendants the New Albany Company, the City of Columbus, and Nationwide Mutual Insurance Company. Motions to dismiss were granted in part and denied in part regarding the Columbus Education Association, its president, John Grossman, and the Ohio Department of Education. The Columbus City School District Board of Education's motion for judgment on the pleadings was granted in part and denied in part. Finally, the district court granted motions to strike that were filed by the 12 suburban school districts and removed them from the case. Although leave to file an amended complaint was granted with respect to several of Moss's claims, the amended complaint was nearly identical to the prior complaint and was therefore dismissed in its entirety in a second opinion filed on August 19, 2002.

This appeal followed. After extensive briefing, counsel for all parties agreed to waive oral argument. On the eve of the

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

date set for the consideration of this case, however, Moss requested that he be allowed to present oral argument pro se. We denied his request because the issues were well-developed in the briefs and because no amount of oral argument would have changed our evaluation of this case.

## II. ANALYSIS

### A. Title VI of the Civil Rights Act of 1964

At the outset, the district court noted that Moss's second amended complaint failed to "articulate any basis upon which the suburban school districts could be liable under the various theories advanced." (District court opinion filed on August 19, 2002, p. 7) No effective rebuttal on this issue was filed and we are satisfied that these districts were properly dismissed from the case with respect to all claims.

Moss also failed to allege how the state of Ohio, the Ohio Department of Education, Grossman, or the Columbus Education Association violated Title VI. (Title VI is the part of the Civil Rights Act of 1964 that prohibits racial discrimination by a recipient of a federal grant.) Even after being given the opportunity to amend, Moss failed to articulate any new allegations against these defendants in his second amended complaint. Moss also failed to explain how Nationwide Mutual, as a party to a 1977 Tax Increment Financing Agreement with the City of Columbus, could be a proper defendant under Title VI.

### B. Article VI, § 2 of the Ohio Constitution

█ Although Moss purports to bring claims under this constitutional provision against numerous defendants, only the state of Ohio is potentially susceptible to a claim under Article VI, § 2 of the Ohio Constitution, which mandates a thorough and efficient system of common schools throughout the state. *DeRolph v. State,* 78 Ohio St.3d 193, 677 N.E.2d 733, 740–41 (Ohio 1997) (holding that the state is the entity directed by Article VI, § 2 to "provide for the full education of all children within the state"). The state of Ohio and the Ohio Department of Education, however, enjoy immunity from suit in federal court for actions brought under the Ohio Constitution. *See Mixon v. State of Ohio,* 193 F.3d 389, 396–97 (6th Cir.1999) (noting that "Ohio has not waived its sovereign immunity in federal court"). Ohio also enjoys immunity from suits brought in federal court under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. *Id.*

### C. 42 U.S.C. § 1981 and the Thirteenth Amendment to the United States Constitution

█ The actions brought under § 1981 were properly dismissed on the ground that Moss failed to allege the existence of a contractual relationship with any of the defendants. Nor did the district court err in dismissing Moss's claims brought under the Thirteenth Amendment because, among other things, no facts were alleged regarding "involuntary servitude."

### D. 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution

█ Moss failed to show that he had standing to vindicate the civil rights of the unspecified school employees who were allegedly discriminated against by Grossman and the Columbus Education Association. The failure to allege that these nongovernmental defendants acted under color of state law precluded § 1983 claims against them. Finally, the City of Columbus is immune to § 1983 challenges regarding the administration of tax matters pursuant

to the Tax Injunction Act of 1937, 28 U.S.C. § 1341.

Moss argues in his reply brief, however, that he would have been able to satisfy the state-action requirement had discovery been permitted. But, as this court has previously noted, "[t]here is no general right to discovery upon filing of the complaint. The very purpose of Fed.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir.2003) (quotation marks omitted).

### E. 42 U.S.C. §§ 1985 and 1986

■ The district court determined that the claims under §§ 1985 and 1986 were insufficiently pled because, among other things, there was no indication that the claims were made within the applicable statute of limitations. Section 1985 prohibits conspiracies to interfere with civil rights and § 1986 provides a cause of action against "[e]very person" who is able to help prevent the wrongful actions proscribed in § 1985 but refuses or neglects to do so despite knowing that the wrongful act is about to be committed. Moss argues that the statute-of-limitations period did not begin to run on these claims until the publication of two studies in 1999 and 2000 that outlined the effects of the tax-base disparity. Only upon seeing these studies, Moss argues, did he " 'discover' the true effect and continuing effect of the WIN/WIN Agreement ... on the deterioration of quality education in the Columbus Public Schools."

The district court evaluated whether there was a continuing violation that could extend the limitation period and, applying the holding of *Tolbert v. State of Ohio Department of Transportation,* 172 F.3d 934 (6th Cir.1999), determined that there

was not. We agree. The annexation of land controlled by the New Albany Company was a discrete event that occurred in 1988. In Moss's reply brief, he argues that the "continuing violation in this matter lies in the fact that the act of annexation by the various school districts has brought about the continuing effect of a disparity in the tax base between the City of Columbus, Columbus Public Schools and its surrounding suburban school districts." But this court held in *Tolbert* that a continuing violation requires continued action and not simply continuing harm or "[p]assive inaction." *Id.* at 940. Finally, the allegation that Moss may not have known the "true effect" of the 1988 WIN/WIN Agreement is not a basis for tolling the statute-of-limitations period. *Cf. Zimmie v. Calfee, Halter and Griswold,* 43 Ohio St.3d 54, 538 N.E.2d 398, 402 (Ohio 1989) (noting that an injured person need not be aware of the full extent of his injury for the statute of limitations to begin to run).

Even when given the opportunity to amend his complaint regarding §§ 1985 and 1986 with respect to John Grossman and the Columbus Education Association, Moss failed to include any allegations against them. The allegations under these sections against Nationwide Mutual are also "wholly conclusory in nature" and devoid of any supporting material facts. (District court opinion filed on September 27, 2001, p. 20)

### III. CONCLUSION

After carefully reviewing the record, the briefs, and the applicable law, we find ourselves in complete agreement with the through and well-reasoned opinions of the district court filed on September 27, 2001 and August 19, 2002. The judgment of the district court is therefore **AFFIRMED** on

the basis of those opinions as supplemented by the reasons set forth above.